Gregg A. Paradise
Maegan A. Fuller
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Tri-State Asphalt Sealing Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRI-STATE ASPHALT SEALING INC., | **Document Filed Electronically** |
| Plaintiff, | Civil Action No. 17-9135 |
| v. | |
| TRI STATE PAVING CONTRACTORS LLC, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Tri-State Asphalt Sealing Inc., by way of complaint against Defendant Tri State Paving Contractors LLC, hereby alleges and avers as follows:

### JURISDICTION AND VENUE

1. This is an action in which the Plaintiff is seeking pecuniary and injunctive relief from acts of the Defendant arising under the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. §§ 1051 *et seq.* and for a related claim of unfair competition under the common law of the State of New Jersey arising out of the same operative facts.

2. Jurisdiction is proper in the United States District Court pursuant to 15 U.S.C. §§ 1331, 1338(a) and (b); 15 U.S.C. § 1121, and under principles of pendent jurisdiction.

3. Personal jurisdiction is proper in this district because on information and belief Defendant solicits, markets, advertises, and provides infringing services in New Jersey.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b) and (c) because on information and belief, a substantial part of the events giving rise to Plaintiff's claim occurred in this district, including that Defendant has committed acts of trademark infringement in this judicial district and has sold, advertised, and promoted its infringing products in this district.

## PARTIES

5. Plaintiff Tri-State Asphalt Sealing Inc. ("Tri-State Asphalt") is a corporation organized and existing under the laws of the State of New Jersey and having its principal place of business at 62 Fifth Avenue, Hawthorne, New Jersey 07506.

6. Defendant Tri State Paving Contractors LLC ("Tri State Paving") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 2 Ambassador Drive, Wayne, New Jersey 07470.

## PLAINTIFF'S TRADEMARK RIGHTS

7. Since 1977, Tri-State Asphalt has provided paving and sealing services to New Jersey and New York exclusively under the trademarks TRI-STATE and TRI-STATE ASPHALT.

8. Tri-State Asphalt prides itself on the quality of its services and its commitment to excellence, and expends considerable sums in marketing and advertising to cultivate the extensive goodwill that it has developed with its customers in the New Jersey, New York, and Pennsylvania areas.

9. Tri-State Asphalt uses the trademarks TRI-STATE and TRI-STATE ASPHALT to refer to services in its advertising and on its website.

10. The TRI-STATE and TRI-STATE ASPHALT marks have become well known in the industry and have established substantial goodwill through their use in connection with the

services associated with Tri-State Asphalt.  Thus, Tri-State Asphalt possesses extensive common-law trademark rights in TRI-STATE for its paving and sealing services.

## **DEFENDANT'S WRONGFUL ACTS**

11. Defendant advertises, markets, and provides its paving and sealcoating services in New Jersey under the names TRI STATE and TRI STATE PAVING & SEALCOATING.

12. Defendant displays the name TRI STATE and TRI STATE PAVING & SEALCOATING prominently on its print advertisements.

13. Defendant began advertising and providing services under the names TRI STATE and TRI STATE PAVING & SEALCOATING over 30 years after Tri-State Asphalt.

14. Defendant's use of its name Tri State Paving & Sealcoating in connection with paving and sealcoating services is confusingly similar to Plaintiff's marks TRI-STATE and TRI-STATE ASPHALT.

15. Defendant has no association, affiliation, sponsorship, or any other connection to Tri-State Asphalt.

16. Recently, Plaintiff found Defendant's advertisement included below, which resulted in the present action:



**FIRST CLAIM FOR RELIEF**
<u>Violation Of Section 43(a) Of The Lanham Act</u>

17. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, as if set forth here in full.

18. Plaintiff's TRI-STATE mark as used for the sale of paving and sealing services has achieved considerable recognition and valuable goodwill.

19. Plaintiff is known for its high quality and excellent customer service in providing paving and sealing services for its customers.

20. Defendant, by use of TRI STATE and TRI STATE PAVING & SEALCOATING in connection with its paving and sealcoating services in New Jersey has used false designations of origin and false descriptions and representations, which likely tend to falsely describe or represent such services as being from, sponsored by, or authorized by Tri-State Asphalt, and have caused such goods and services to enter into commerce with full knowledge of the falsity of such designations of origin, all to the detriment of Plaintiff.

21. Defendant's use of TRI STATE and TRI STATE PAVING & SEALCOATING in connection with its paving and sealcoating services in New Jersey is likely to cause confusion, mistake, or to deceive consumers as to the affiliation, connection, or association of Defendant's services with Plaintiff's services.

22. Defendant's conduct as set forth above was undertaken in violation of 15 U.S.C. § 1125(a), and has caused and will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.

23. Upon information and belief, Defendant's conduct was done willfully with full knowledge of the falsity of the designations of origin and with the intention of causing confusion and misleading and deceiving the public as to the origin of their services.

24. Plaintiff is without adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Unfair Competition Under N.J.S.A. § 56:4-1

25. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, as if set forth here in full.

26. Despite the public recognition of Plaintiff's TRI-STATE and TRI-STATE ASPHALT trademarks, Defendant traded on the goodwill associated with such trademarks.

27. Defendant appropriated for its own use the name, brand, trademark, reputation, or goodwill of Plaintiff, in violation of N.J.S.A. § 56:4-1.

28. The aforesaid acts of the Defendant were committed willfully, knowingly, maliciously, and in conscious disregard of its legal obligations to Plaintiff.

29. The aforesaid conduct of the Defendant caused, and unless restrained by this Court will continue to cause immediate, great, and irreparable harm to Plaintiff's property and business.

30. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Common Law And Unfair Competition

31. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, as if set forth here in full.

32. The aforesaid acts of Defendant constitutes unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

33. Upon information and belief, Defendant is improperly trading on the reputation and goodwill of Plaintiff.

34. Defendant's conduct caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's property and business.

35. Plaintiff is without adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. a preliminary and permanent injunction enjoining the Defendant, its officers, employees, servants, and agents, and all persons in active concert, privity, or participation with them, from employing the mark TRI STATE, TRI STATE PAVING & SEALCOATNG, TRI-STATE, TRI-STATE ASPHALT. or any other name or trademark that would be considered confusingly similar to Plaintiff's trademarks TRI-STATE and TRI-STATE ASPHALT, for or in connection with any paving and/or sealing services;

B. an accounting to determine the profits Defendant has made in connection with its infringement and an award of such profits to Plaintiff;

C. an award of compensatory damages arising out of Defendant's infringement and a trebling of such award, as provided by 15 U.S.C. § 1117;

D. A monetary award to Tri-State Asphalt in the amount of the actual damages sustained by it resulting from Defendant unfairly competing with Tri-State Asphalt.

E. an award to Tri-State Asphalt of exemplary and/or punitive damages;

F. prejudgment and postjudgment interest on the above monetary awards; and

G. an order that all labels, signs, prints, packages, wrappers, receptacles, and any other advertisements, having, showing, or employing any mark or design enjoined above shall be delivered to Plaintiff and destroyed;

H. an award to Plaintiff of its reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

I. such other relief as the Court determines to be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

          Respectfully submitted,

          LERNER, DAVID, LITTENBERG,
           KRUMHOLZ & MENTLIK, LLP
          *Attorneys for Plaintiff Tri-State Asphalt Sealing Inc.*

Dated:     October 24, 2017          By:     s/Gregg A. Paradise
                                    Gregg A. Paradise
                                    Tel:    908.654.5000
                                    E-mail: gparadise@lernerdavid.com
                                              litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Tri-State Asphalt Sealing Inc. nor Tri-State Asphalt Sealing Inc's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:    October 24, 2017          LERNER, DAVID, LITTENBERG,
                                                  KRUMHOLZ & MENTLIK, LLP
                                            *Attorneys for Plaintiff Tri-State Asphalt Sealing Inc.*


                                                By:    s/Gregg A. Paradise
                                                       Gregg A. Paradise
                                                       Tel:    908.654.5000
                                                       E-mail: gparadise@lernerdavid.com
                                                                  litigation@lernerdavid.com